8

Dorothy L. Whyers, Plaintiff-Appellee, *v.* David C. Kessler *et al.,* Defendants-Appellants.

(No. 71-308; 

Fifth District—December 10, 1973.

John B. Gunn, of Freeark, Gunn & Harvey, of Belleville, and James K. Almeter, of Hoagland, Maucker, Bernard and Almeter, of Alton, for appellants.

Richard A. Cagle, of Alton, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This action was brought to recover damages for personal injuries arising out of the collision of two automobiles. The plaintiff alleged that the defendant Kessler was negligent and that the defendant Welch, with whom the plaintiff was riding as a guest, was guilty of wilful and wanton misconduct. The jury returned a verdict against both defendants awarding damages to the plaintiff in the amount of $22,500. The circuit court of Madison County entered judgment on the verdicts and from that judgment both defendants appeal.

On May 6, 1967 at approximately 12:30 A.M., the defendant Welch and the plaintiff Whyers, who was a guest in Welch's automobile, were driving in a northerly direction on Main Street, leaving Edwardsville, towards a particular night spot. Just before reaching the intersection of Phillipena Street and Main Street, the road makes a very slight turn to the left. The road was dry and as the defendant Welch was proceeding through this turn he was involved in a collision with the defendant Kessler.

The plaintiff testified that just before the accident she had not had any reason to worry about her safety as she felt that the defendant was operating his vehicle in a proper manner. She testified that she did not see the accident as she had bent over to light a cigarette and that she

could not say whether her host was on his side of the center line or whether the co-defendant had crossed over the center line. The plaintiff also stated that she did not feel the car jerk nor did she feel the driver was speeding at the time of the accident.

The defendant Welch testified that he was on his proper side of the road at the time of the collision and that the co-defendant failed to make the curve and came straight into him. Welch expressed the opinion that the co-defendant was right on top of him when he crossed the centerline. However, the co-defendant Kessler stated that he was on his proper side of the road and that Welch came into his lane. He stated that Welch did not swerve or veer into his lane but rather seemed to continue to make the turn, but he, like Welch, said he was not really aware that anything was unusual until the collision. Kessler also stated that he felt both automobiles were traveling at about 25 m.p.h.

In addition, the two police officers who were called to the scene of the accident testified that when they arrived, the automobiles were facing each other, that each automobile was on its proper side of the road and that each automobile was equidistant from the center line. The officers further testified that debris appeared to be distributed equally on both sides of the center line.

Both defendants claim that they should be granted a new trial as the trial court erred in not granting a mistrial as a result of the plaintiff's opening statement. Both defendants also claim that they should be granted a new trial as the trial court erred in failing to grant a mistrial based on plaintiff's closing argument. Defendant Welch asks this court to reverse the judgment of the plaintiff against him and to enter a judgment notwithstanding the verdict because there was insufficient evidence to find him guilty of wilful and wanton misconduct. Defendant Welch also claims that he should be granted a new trial because the jury was not properly instructed.

We find that the judgment of the trial court was not against the manifest weight of the evidence, that no error of law appears, and that an opinion in this case would have no precedential value.

We therefore affirm the judgment of the circuit court of Madison County in compliance with 50 Ill.2d R. 23.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.