FRANK RICHARDS *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF HIGHLAND *et al.*, Defendants-Appellees.

Fifth District   No. 77-458

Opinion filed May 4, 1978.

Frank R. Hudak, of Collinsville, for appellants.

Thomas A. Hill, of Granite City, for appellees.

Mr. JUSTICE WINELAND delivered the opinion of the court:

This appeal is taken from a judgment of the Circuit Court of Madison County denying plaintiffs' prayer for declaratory judgment and injunction against the defendants.

Plaintiffs, 35 in number, brought an action against the city of Highland and Ralph Korte Construction Company, a corporation, Ralph Korte, David S. Korte, and Vernon Eardley, hereafter referred to collectively as "Korte," for an injunction seeking to restrain Korte from constructing any building, other than a one-family dwelling on lots 49 through 53 in the Town and Country Estates, Second Subdivision of the city of Highland, Illinois, and for an injunction seeking to restrain the city of Highland from issuing building, water, or sewage permits for multiple-family dwellings and duplexes in said subdivision. The action also prayed for a declaratory judgment declaring Town and Country Estates Subdivision and Town and Country Estates, Second Subdivision, a R-1 district, for zoning purposes, in which duplexes and multiple-family dwellings are prohibited. Although the action prayed for relief in both the Town and Country Estate Subdivision and Town and Country Estates, Second Subdivision, the Korte lots are all located in the Second Subdivision.

The following facts are not in dispute and were stipulated to by the parties. All the plaintiffs reside within 500 feet of Korte's lots 49 through 53. On January 13, 1969, the city of Highland passed a zoning ordinance pursuant to Division 13 of the Illinois Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 11—13—1 *et seq.*). Said zoning ordinance provides for several zoning classifications, among which are R-1 and R-3. In a R-1 district, only single-family dwellings are permitted. In a R-3 district single-family dwellings, multiple-family dwellings, resthomes, convalescent homes, and nursing homes are allowed. The zoning ordinance further provided that all new subdivisions shall be classified as R-1. On April 13, 1970, the land in question, described by metes and bounds, was duly annexed to the city of Highland. The Town and Country Estates Subdivision was approved by city authorities and a plat of the subdivision was filed on June 1, 1970. The Town and Country Estates, Second Subdivision was approved by the city of Highland city council on September 25, 1972, and the plat of said subdivision was recorded on September 26, 1972. Neither the resolution of the Highland city council nor the plat made any specific reference to zoning. No public notice of the type required for amendment of zoning districts by section 11—13—14 of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—14) was given concerning the consideration of Town and Country Estates, Second Subdivision. On April 20, 1977, the city of Highland issued Korte two building permits for the construction of a 16-unit apartment building and an eight-unit

apartment building to be constructed on the Korte lots. Korte immediately began construction work.

On June 23, 1977, a hearing was held on the complaint. Homer Poss, mayor of the city of Highland, testified pursuant to section 60 of the Civil Practice Act (Ill. Rev.Stat. 1975, ch. 110, par. 60). He identified the Korte building permits, which were admitted into evidence, as being official documents of the city of Highland. The mayor was of the opinion that the building permits were issued in conformity with the city of Highland · Zoning Ordinance which classified the Town and Country Estates, Second Subdivision, as R-3. The mayor's opinion was based on the presence of nursing homes at the time of annexation in the annexed territory which was to include Town and Country Estates, Second Subdivision. The mayor had observed that construction had begun on the Korte property. Protests were made to both the mayor and city council and the city council met to hear the protests.

Frank Richards, the only plaintiff to testify at trial, stated that the proposed eight unit Korte apartment building was within 40 feet of his residence. The other proposed Korte building was within approximately 60 feet. Mr. Richards first became aware of the Korte construction when he heard the Korte bulldozers at the construction site. He then circulated a petition of protest among his neighbors, contacted an attorney, and lodged a formal protest with the city of Highland city council. The city council responded that the Town and Country Estates, Second Subdivision had always been treated as R-3 zoning classification and would continue to be treated as R-3. Mr. Richards, who is not a traffic engineer, was objecting to the Korte construction, because he believed that the apartment building would create traffic congestion, which would be hazardous to the neighborhood children. The Chastain Nursing Home, which is within two blocks of his home in the annexed territory, was operating when he moved in. The Highland Manor Nursing Home is one block from his home. On lots 47 and 48, which are adjacent to the Korte lots, multiple-family dwelling homes have been constructed. Mr. Richards did not file a lawsuit to enjoin construction of those multi-family dwellings. Lots 47 and 48 are approximately 150 feet from Mr. Richards' property.

Ralph Korte, President of Korte Construction Company, testified that when he purchased the Korte lots, he believed that they were zoned R-3. On April 21, 1977, the day after the building permits were issued, construction, which totalled $58,724 out-of-pocket expenses, was begun by the Korte Construction Company. These improvements consisted of completion of site grading, footage, foundations, underground rough plumbing, and underground rough-in of the heating system. Korte

Construction had also signed contracts which totaled $69,000, with various subcontractors.

George Williams, city manager of Highland, Illinois, testified that in the area annexed on April 13, 1970, there were two quadplexes, at least four apartment buildings, duplexes, and nursing homes, as well as single-family dwellings. On December 16, 1974, a building permit for a multiple-family dwelling, which had been constructed and occupied, was issued for lots 47 and 48, which are adjacent to the Korte lots. A permit for a multiple-family dwelling on the same street as the Korte lots was issued on August 11, 1976. This permit was a renewal of a previous permit issued on August 21, 1975. Mr. Williams was of the opinion that the area in question had always been treated by the city of Highland as being zoned R-3.

The trial court found that the plaintiffs were estopped due to the principles of equity, because other R-3 construction, about which the plaintiffs and their predecessors in title had not complained, had been built in the area. The court further found that Korte acted in good faith in obtaining what they believed were valid zoning permits and that due to the substantial amount of money Korte had invested in the construction of the two buildings, Korte would suffer a great hardship if construction were not completed. The court further found that the land had no zoning classification because no notice and no hearing were conducted pursuant to section 11—13—14. Based on the court's findings, the court denied plaintiffs' prayer for declaratory judgment and injunction against Korte. The city of Highland was enjoined and restrained from issuing any building, water or sewer permits except R-1 in the land annexed on April 13, 1970, and later subdivided, in part, into Town and Country Estates and Town and Country Estates, Second Subdivision, until such land is properly zoned, except as such permits are needed for the completion of the Korte building.

The city of Highland does not appeal from the court's order restraining and enjoining the issuance of building, water, and sewer permits to other than single-family dwellings, except Korte, until the land is properly zoned; therefore, the propriety of that ruling is not before us. In light of the disposition we make of this cause, the only issue before us is whether the plaintiffs are estopped from challenging the construction of the Korte apartments. Estoppel generally arises in zoning cases in two situations. The first is where there is a substantial change of position, expenditures, or incurrence of obligations under a building permit validly issued, which is later revoked because of subsequent zoning or changes in zoning. The second situation is where there had been a substantial change of position under an invalid permit and the party to whom the permit was issued had

been actively misled by city officials. (*Excellent Builders, Inc. v. Pioneer Trust & Savings Bank* (1st Dist. 1973), 15 Ill. App. 3d 832, 305 N.E.2d 293.) At all times, the city of Highland treated the annexed area as zoned R-3. These were not the acts of ministerial clerks in the building permit department but acts of the mayor, city manager, and city council, the highest policy-making bodies of the city of Highland. The city of Highland issued Korte building permits for construction of two apartment buildings, and in reliance thereon Korte expended $58,724.00 in out-of-pocket expenses. Therefore, that portion of the trial court's order denying a restraining order and injunction against the issuance of the requisite permit by the city of Highland to Korte was proper.

At the time the Korte permits were issued, section 11—13—15 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—15) provided that any owner or tenant of real property within 500 feet of the property on which the building or structure in question is located may institute a proceeding to restrain or abate the violation of a zoning ordinance. The foregoing section was subsequently amended, effective October 1, 1977, to give standing to any owner or tenant of real property within 1200 feet of any structure in question to bring suit to restrain a violation of the zoning ordinance. Plaintiffs were all owners or tenants of property within 500 feet of the Korte property. Richards testified that his property was within 60 feet of the Korte property and approximately 150 feet within some of the other nonconforming uses. Plaintiffs had standing to initiate a law suit to restrain the construction of the other nonconforming uses. Moreover, in light of their failure to attempt to clarify the zoning situation or to enjoin other nonconforming uses, and in light of the substantial sum of money expended by Korte, plaintiffs are estopped from challenging the Korte construction.

Plaintiffs filed a motion for reasonable attorneys fees pursuant to section 11—13—15 of the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—15), which we have taken with the case. In light of the failure of plaintiffs to prevail, that motion is moot.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

G. J. MORAN and JONES, JJ., concur.